# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MICHAEL S. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 2:10-CV-67-TJW |
| | § | |
| MOOG, INC., MCKINLEY MEDICAL, | § | |
| LLC, CURLIN MEDICAL, INC., and | § | |
| WOO YOUNG MEDICAL CO. LTD, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are a motion to dismiss by Stryker Corporation and Stryker Sales Corporation (Dkt. No. 26) and additionally a joinder of that motion and a motion for judgment on the pleadings by Moog, Inc., ("Moog"), McKinley Medical, LLC ("McKinley"), and Curlin Medical, Inc. ("Curlin"). (Dkt. No. 30.) Because Stryker Corporation and Stryker Sales Corporation have settled since filing their motion, that motion is DENIED as moot. (Dkt. No. 26.) This Memorandum Opinion and Order addresses Moog, McKinley, and Curlin's motion to dismiss (Dkt. No. 30), and the Court GRANTS this motion. The motion to dismiss as to Moog, McKinley, and Curlin, however, is granted without prejudice and the plaintiff is given leave for 60 days to amend his pleadings to cure the defect described in this Memorandum Opinion and Order.

## I. BACKGROUND

Plaintiff Michael S. Johnson underwent two surgeries on his shoulder—one on January 10, 2008 and one on March 11, 2008. (2nd Am. Compl., at 1.)[1] At the end of each surgery, the surgeon implanted a "pain pump" into the intra-articular (joint) cavity of his shoulder. (*Id.*) The pain pump injected a pain relief medication directly into the shoulder on a continuous basis for up to 72 hours following the surgery. (*Id.*) Plaintiff alleges that the continuous injections of the medication in the pain pumps caused the plaintiff to develop chondrolysis in the shoulder. (*Id.* at 3-4.) As a result of this serious condition, the plaintiff had to undergo a later surgery and continues to suffer pain and will require further medical treatment and pain treatment. (*Id.* at 4.) The plaintiff brings claims against the defendants for strict products liability and negligence.

In the plaintiff's Second Amended Complaint; however, the plaintiff names four different defendants.[2] In the Second Amended Complaint, as in previous complaints, the plaintiff alleges that "unknown Defendants" or "Defendants" manufactured, designed, marketed, and distributed the pumps at issue. (*Id.* at 1.) As a result, the defendants filed their motions to dismiss. The defendants state they could not all have manufactured the two pain pumps and that the plaintiff has failed to meet the causation requirement—thus failing to state a claim under which relief may be granted.

---

[1] Although the motions at issue in this Memorandum Opinion and Order were filed in response to the plaintiff's original complaint, the Court considers the sufficiency of these motions on the basis of the Second Amended Complaint. *See Ulen Contracting Corp. v. Tri-County Elec. Coop.*, 1 F.R.D. 284, 285 (W.D. Mich. 1940) ("Subsequent to the motion by defendant for judgment upon the pleadings under Rule 12(c) . . . an amended complaint was filed by leave of the court. The motion must be disposed of upon the amended pleadings."). *See also Sekil v. ADT Sec. Servs., Inc.*, Civ. No. H-08-0521, 2008 WL 4844209, at *1 (S.D. Tex. Nov. 3, 2008) (stating the same).

[2] The plaintiff named six defendants in its original complaint (Dkt. No. 1) and has since then dropped three defendants but added one more in its most recent complaint. Some of the defendants, however, are related entities.

## II. LEGAL STANDARD

By written motion, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c).[3] "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007).

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

The Supreme Court has recently pronounced two guiding principles in determining whether a complaint can survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is

---

[3] The Court observes that in Stryker's motion to dismiss (Dkt. No. 26), which Moog, Curlin, and McKinley joined, Stryker also moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of standing. The Court does not reach that argument, however, because the Court is already dismissing under Rule 12(c). In addition, that argument potentially turns on the causation issue that is also at the heart of defendants' Rule 12(c) motion.

inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id.* This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

The motion to dismiss by Moog, Curlin, and McKinley is GRANTED without prejudice for the plaintiff to amend his pleadings within 60 days. Texas product liability law is clear that the plaintiff must prove that the particular defendant being sued has manufactured, designed, or distributed the particular product at issue. *Garcia v. Pfizer, Inc.*, 268 Fed. Appx. 270, 272 (5th Cir. 2008) ("Under Texas products liability law, every plaintiff is required to establish that the product that caused an injury had been manufactured, designed, or distributed by the defendant whom he or she sues."); *Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 68 (Tex. 1989) ("A fundamental principle of traditional products liability law is that the plaintiff must prove that the defendants supplied the product which caused the injury."). The court in *Adams v. I-Flow Corp.*, No. CV09-09550, 2010 WL 1339948, at *3 (C.D. Cal Mar. 30, 2010) faced the issue that is presented before this Court. The *Adams* court's analysis is instructive:

> The Complaint does not allege that any particular plaintiff was administered a particular drug through a particular pain pump that was manufactured by a particular defendant. Instead, plaintiffs plead only generally that they were injured by pain pumps and anesthetics of the type made by defendants. By suing fourteen (14) "Defendant Pain Pump Manufacturers" and eight (8) "Defendant Anesthetic Manufacturers," the Complaint at most alleges that the individual defendants theoretically could have been the one who manufactured the pain pump or anesthetic used following each plaintiff's surgery. But, the Complaint

4

never specifies that any one of the defendants, as opposed to the 21 other defendants, caused each plaintiff's claimed injury. As such, plaintiffs plead nothing more than the sheer possibility that any particular defendant might have manufactured the product that allegedly injured each plaintiff. This sort of speculative pleading is not permitted under the plain text of Rule 8, which requires a "statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also Timmons, et al. v. Linvatec Corporation*, et al., 263 F.R.D. 582, 2010 WL 476661 *2 (C.D.Cal. 2010). Accordingly, plaintiffs' Complaint must be dismissed for failure to state a claim.

*Id.* The Court agrees with the *Adams* court's analysis. Texas law requires the same allegations of causation for a products liability case. Plaintiff's complaint, on the other hand, still states that the pain pump was designed, manufactured, marketed, or distributed by "unknown Defendants." (2nd Am. Compl., at 1.) In order to state a plausible products liability claim as required by *Iqbal* and *Twombly*, the plaintiff must at least identify a particular defendant, or group of defendants, that manufactured, designed, marketed, or distributed the pain pump that allegedly caused his injuries.

## IV. CONCLUSION

Therefore, the motion to dismiss as to Moog, Curlin, and McKinley is GRANTED without prejudice, and the plaintiff is given 60 days to amend his pleadings in accordance with this Memorandum Opinion and Order. During such time, the plaintiff is allowed limited discovery in order to make a determination as to the defendant or defendants that manufactured, designed, marketed, or distributed the pain pump that allegedly caused his injuries.

IT IS SO ORDERED.

SIGNED this 22nd day of February, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

5